## JOHN P. ALLIN v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

Decided April 19, 1901.

**Pleading and Proof—Variance—Ejectment of Passenger—Damages.**

Where plaintiff seeking to recover damages for the ejectment of his wife from a passenger train, alleged in his petition that although the wife held a through ticket to A., yet when the train arrived at E., an intermediate station, the train operatives informed her she must get off at E., and over her protest and statement that A. was her disembarking point, put her off at E., and the evidence showed that the conductor had told her that he would notify her when the train arrived at A., but when the train reached E. a brakeman took up her lunch basket and started out with it, and she asked if that was the place for her to get off, which question it does not appear that the brakeman heard, and

another brakeman then took up her child and went out with it, and she followed, and alighted from the train, which at once moved off,—there was such a variance between the allegations and proof as justified the court in directing a verdict for defendant.

Appeal from Harris. Tried below before Hon. William H. Wilson.

*T. H. Ridgeway,* for appellants.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit to recover of appellee damages for injuries to his wife alleged to have been caused by the wrongful act of appellee's servants in ejecting Mrs. Allin from one of appellee's trains on which she was being carried as a passenger. The petition, after alleging that plaintiff's wife was riding upon said train as a passenger, having purchased a ticket which entitled her to transuortation over appellee's road from Houston to Alvin, Texas, and thence to Funda, Iowa, sets out the circumstances under which she was put off said train as follows:

"That when said passenger train had arrived at Erin, a station or stopping place on defendant's railroad about ten miles south of Houston, Texas, the employes, agents, and servants of defendant who were conducting, managing, operating, and handling said passenger train did unlawfully, negligently, carelessly, and willfully eject plaintiff's said wife and infant daughter from said train, notwithstanding the fact that plaintiff's said wife had a full fare ticket and was entitled to ride on said train, which fact was well known to said servants, agents, employes, and managers of defendant's said train, or by the exercise of ordinary care and diligence, which their duty towards plaintiff's said wife commanded them to do, they could have known that plaintiff's said wife had a full fare ticket and was entitled to ride on said train, and they well knew, or by the exercise of ordinary care and diligence could have known, that Erin was not the place for plaintiff's said wife and child to get off said train.

"That when said servants and employes of defendant informed plaintiff's said wife that she must get off at Erin, she protested at being put off said train at said place, and informed said servants that Alvin was the proper place for her to get off said train, and not at Erin, the place where they were then putting her off, all of which said servants and employes wholly disregarded, and said servants made no inquiry and exercised no diligence whatever to ascertain whether or not Erin was the proper place for her to get off said train. * * * That plaintiff's said wife suffered great humiliation, degradation, and shame at being ejected from said train by defendant's servants aforesaid, against her wishes and against her protestations, in view of the other passengers who were on said train at said time, and said act of ejectment became generally known to all the people surrounding Erin, and to the friends of plaintiff's said wife residing elsewhere, and all of which greatly worried and vexed her."

Appellee's answer contains only a general demurrer and a general denial.

The cause was tried before a jury in the court below and a verdict and judgment rendered in favor of the defendant, from which judgment this appeal is prosecuted.

The evidence shows that on the 5th of May, 1900, Mrs. Allin, having bought a ticket from defendant's agent at Houston which entitled her to transportation over defendant's road from Houston to Funda, Iowa, boarded the train with a child about three years old, and started on her journey at 7:30 p. m. on said date. When she purchased her ticket the Houston agent gave her a note to the conductor of the Houston train asking him to look after her and see that she was put on defendant's train on its main line at Alvin. This note was given to the conductor on the Houston train by Mrs. Allin when he called for her ticket, and he told her not to be uneasy, but to keep her seat and he would have her put off at the right place. When the train reached Erin, a station about halfway between Houston and Alvin, it stopped to allow a passenger for said station to alight. As the train was approaching Erin, the brakeman on the car in which Mrs. Allin was riding came and stood by her seat, and when the car stopped he took up her lunch basket and went out with it, and another of the defendant's employes took up her child and carried it out of the car. Mrs. Allin testified that when the brakeman started off with her basket she asked him if this was the station for her to get off, and he made no reply; that she did not hear the brakeman call out the name of the station, but did not think it was the right place for her to get off. She said nothing to the man who took up her child, and kept her seat until he got out of the door with the child, when she got up and followed them out. When she got to the door she saw the brakeman on the ground with the child and basket and she got down with them. As soon as she alighted the train moved off, and the brakeman got aboard and she and her child were left at said station She further testified that the brakeman did not look at her ticket, or ask her where she wanted to get off. There is no evidence of any objection or protest on Mrs. Allin's part to her being put off the train except that she said to the brakeman when he started out with her basket: "It is not time for me to get off, is it?" As before stated, the brakeman made no reply to this remark, and it is not shown that he heard it. We think this evidence wholly fails to support the allegations of the petition.

The variance between the allegations and the proof is so apparent that the trial court could very properly have instructed the jury to return a verdict for the defendant. Such being the case, it is unnecessary for us to consider any of appellant's assignments which predicate error upon the charge of the court, because if the charge contained any error it was harmless, since no other verdict than one in favor of the defendant could have been rendered under the pleadings and evidence in this case. If the petition had alleged that through the negligence of

the defendant's servants, Mrs. Allin was induced or permitted to leave defendant's train at the wrong station, and thereby sustained the injuries complained of, the evidence would have sustained the allegations. But no such cause of action is alleged in the petition in this case. The rule that evidence without pleading to support it will not sustain a judgment is venerable with age and founded in reason and justice, and has been so uniformly recognized by the courts as to render the citation of authorities unnecessary. For some unaccountable reason both the original and amended petitions in this case are brought up in the record, and in reversing this case at the last sitting of this court our decision was reached from a consideration of the allegations of the original petition, no brief having been filed by appellee, and our attention not being called to the fact that the original petition had been amended. Said original petition contains a separate and independent allegation, not contained in the amended petition, and which we concluded was sufficient in the absence of a special exception to show a cause of action based on the negligence of defendant's servants in inducing or permitting plaintiff's wife to get off at the wrong station, but we think no such construction can be placed on the allegations of the amended petition hereinbefore set out. The judgment heretofore rendered by this court reversing the judgment of the court below and remanding this cause will be set aside, and the judgment of the court below will be affirmed.

*Affirmed.*

Writ of error refused.